JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ESTELA SAUCEDO SERNA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:25-cv-05710-FLA (MBKx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11]** |

**RULING**

On October 1, 2024, Rosa Estela Saucedo Serna ("Plaintiff") initiated this action against Defendant Target Corporation ("Defendant") in the Los Angeles County Superior Court. Dkt. 1 at 9–15 ("Compl.").[1] The Complaint asserts two causes of action for: (1) negligence; and (2) premises liability. *Id.*

On June 23, 2025, Defendant removed the action to this court pleading the existence of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction because Plaintiff seeks $10 million in general damages and $49,909 in special damages in her Statement of Damages. *Id.* at 2.

On July 2, 2025, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 11. Defendant filed its response on July 16, 2025. Dkt. 12 (Pedone Decl.).

Having reviewed the Notice of Removal and Defendant's response to the OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence. The court, therefore, REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

**A. Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

**B.      Plaintiff's Statement of Damages and Claims for General Damages**

Defendant contends the amount in controversy is satisfied because Plaintiff seeks $10 million in general damages and $49,909 in special damages in her Statement of Damages, for a total demand of $10,049,909. Dkt. 1 at 2, 30; Dkt. 12 (Pedone Decl.) ¶ 1.

3

A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

It is clear the $10 million in general damages stated in Plaintiff's Statement of Damages is nothing more than a "bold optimistic prediction" and not a reasonable estimate of Plaintiff's claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, the Complaint, Notice of Removal, and Statement of Damages do not explain how Plaintiff determined the $5 million in pain, suffering, and inconvenience, and $5 million in emotional distress she demands, or provide any specific facts to establish these estimates are reasonable. *See* Dkt. 1 at 1–15; *see also See Romsa*, 2014 WL 4273265, at *2 (remanding action where Plaintiff's statement of damages did not explain how he arrived at the damages estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same).

The court, therefore, declines to consider Plaintiff's demand of $10 million in general damages in determining the amount in controversy. Plaintiff's remaining demand for $49,909 in special damages is insufficient to meet the $75,000 threshold for diversity jurisdiction.

///

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

Accordingly, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24TRCV03288. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 7, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

5